IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RYAN BONNEAU,<br><br>             Plaintiff,<br>     v.<br><br>DEPARTMENT OF MOTOR VEHICLES –<br>STATE OF OREGON,<br><br>             Defendant. | Case No.: 3:26-cv-00878-AN<br><br><br>OPINION AND ORDER |

Plaintiff Ryan Bonneau, who is self-represented and thus proceeding pro se, brings this action against defendant Department of Motor Vehicles – State of Oregon (the "Oregon DMV").  On April 30, 2026, plaintiff filed a verified complaint; an application to proceed in forma pauperis ("IFP"), i.e., to proceed without paying filing fees; a motion for temporary restraining order ("TRO") and preliminary injunction; and a motion for appointment of pro bono counsel.  Defendant has not been served or appeared in this case.  For the reasons stated herein, plaintiff's IFP application is GRANTED and plaintiff's verified complaint is DISMISSED without prejudice and with leave to amend.  Plaintiff's motion for TRO and preliminary injunction and motion for appointment of pro bono counsel are DENIED as moot, with leave to refile.

## LEGAL STANDARD

### A.    IFP Applications

District courts are authorized by statute to permit a party to commence litigation "without prepayment of fees or security therefor" if that party submits an affidavit showing that, in light of the assets of that party, they are "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Section 1915 "applies to all persons notwithstanding" its references to incarcerated litigants. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).  When determining what, if any, filing fee a plaintiff must pay, "'the court may consider the

plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials.'" *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023) (quoting *Alexander v. Carson Adult High Sch.*, 9 F.3d 1448, 1449 (9th Cir. 1993)).

In addition to permitting litigants to proceed without paying filing fees, Section 1915 also requires a court to dismiss a complaint on its own accord, even before service of process, if it determines that the complaint is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). "[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127. Additionally, a court must dismiss a complaint on immunity grounds once it has "sufficient information to make a determination" that a defendant is entitled to absolute or qualified immunity. *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

**B.      TROs and Preliminary Injunctions**

Generally, motions for TROs and preliminary injunctions are subject to substantially the same factors. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A TRO or preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The movant must show (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* at 20-22. In the Ninth Circuit, "serious questions going to the merits and a

hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

**C.      Self-Represented Litigants**

Pleadings filed by self-represented litigants "are held to a less stringent standard than those drafted by lawyers." *Graves v. Nw. Priority Credit Union*, No. 3:20-cv-00770-JR, 2020 WL 8085140, at \*2 (D. Or. Dec. 16, 2020) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).   "In cases involving a [self-represented] plaintiff, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt." *Kali v. Bulk Handling Sys.*, No. 6:18-cv-02010-AA, 2019 WL 1810966, at \*4 (D. Or. Apr. 23, 2019) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)).   Finally, "[u]nless it is absolutely clear that no amendment can cure the defect," a self-represented litigant proceeding IFP "is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (citation and quotation marks omitted).

## BACKGROUND

On April 30, 2026, plaintiff filed this action against defendant.  Verified Compl., ECF 1.  Plaintiff additionally filed an IFP application, ECF 2; a motion for TRO and preliminary injunction, ECF 3; and a motion for appointment of pro bono counsel, ECF 4.  Plaintiff primarily alleges that defendant violated his civil rights by withholding his driver's license without notice or hearing.  Verified Compl. 2.  More specifically, plaintiff alleges that that he was hospitalized in July 2024 and that he lost his driver's license upon discharge.  *Id.*  He appears to allege next that he sought and received a temporary paper-copy license, but to-date has yet to receive a permanent replacement.  *Id.* at 2-3.  Plaintiff also alleges that he was not given notice "that the hospitalization could, in and of itself cause the suspension of his already issued—and valid—driver license."  *Id.* at 2.  It is not clear from the pleadings whether plaintiff's license was suspended due to this hospitalization or merely lost upon his discharge.  *See id.*  Regardless, plaintiff alleges that without a driver's license, his daily activities are restricted, he has been unable to return to work or access his storage unit, and as a result, he is now house-less.  *Id.* at 3.  Based on these allegations, plaintiff brings

3

claims for (1) violation of his right to due process under the Oregon and United States Constitutions, (2) breach of contract, (3) violation of the Americans with Disabilities Act ("ADA"), and (4) negligence. *Id.* at 3-4.

## DISCUSSION

### A.    IFP Status

Plaintiff has satisfied the economic eligibility requirements of 28 U.S.C. § 1915 and his IFP application is granted accordingly. *See* IFP Appl. However, as described below, the complaint does not establish a legally coherent theory of liability and therefore must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B.    Section 1915 Screening

To begin, plaintiff's Section 1983 claim is barred by the Eleventh Amendment. The Eleventh Amendment confers immunity upon states and their agencies from being sued. *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999). Eleventh Amendment immunity bars actions against states and their agencies unless the state waives its immunity or that immunity is abrogated by Congress. *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254 (2011). "[A] suit against a state agency is considered to be a suit against the state, and thus is also barred by the Eleventh Amendment." *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986). Here, plaintiff brings suit against the Oregon DMV, a state agency. States and their agencies are immune from Section 1983 actions under the Eleventh Amendment. *See Dittman v. State of California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("[T]he Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." (citation and quotation marks omitted)). *Cf. Banks v. Dep't of Motor Vehicles for Cal.*, 419 F. Supp. 2d 1186, 1193 (C.D. Cal. 2006). Plaintiff's Section 1983 claim is therefore dismissed with prejudice.

Plaintiff's ADA claim must also be dismissed. Plaintiff appears to assert a claim under Title II of the ADA—meaning a claim for "discrimination in public services." *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015); *see* 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities

4

of a public entity, or be subjected to discrimination by any such entity."). Unlike plaintiff's Section 1983 claim, claims brought under Title II of the ADA are not barred by Eleventh Amendment immunity. *See United States v. Georgia*, 546 U.S. 151, 159 (2006); *Lovell v. Chandler*, 303 F.3d 1039, 1051 (9th Cir. 2002). However, plaintiff has not sufficiently stated a claim under Title II of the ADA for which relief may be granted. To state a claim under Title II, a plaintiff must allege that:

> (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) this exclusion, denial, or discrimination was by reason of his disability.

*Cohen v. City of Culver City*, 754 F.3d 690, 695 (9th Cir. 2014). The second prong additionally requires public entities to "'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" *Pierce v. County of Orange*, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130). As pleaded, the complaint does not sufficiently allege any of these required elements. Plaintiff's ADA claim is therefore dismissed without prejudice. Should plaintiff choose to file an amended complaint, he is reminded that the allegations therein must be sufficient to plausibly state a claim under these legal standards.

Having dismissed plaintiff's federal claims, all that remains are plaintiff's state law claims for breach of contract and negligence. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See Arroyo v. Rosas*, 19 F.4th 1202, 1209-10 (9th Cir. 2021). Plaintiff's claims for breach of contract and negligence are accordingly dismissed without prejudice.

**C.      Additional Pending Motions**

Having dismissed all claims in plaintiff's complaint, the Court does not reach the merits of plaintiff's motion for TRO or preliminary injunction or plaintiff's motion for appointment of pro bono counsel. Both motions are thus denied as moot with leave to refile if plaintiff successfully amends his complaint. If plaintiff chooses to file an amended complaint, he is advised to first review the District of

Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," available to the public at https://ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself.

## CONCLUSION

For the reasons stated herein, plaintiff's IFP application, ECF 2, is GRANTED and plaintiff's verified complaint, ECF 1, is DISMISSED. Plaintiff's Section 1983 claim is dismissed with prejudice. Plaintiff's ADA, breach of contract, and negligence claims are all dismissed without prejudice and with leave to amend. Plaintiff's motion for TRO and preliminary injunction, ECF 3, and motion for appointment of pro bono counsel, ECF 4, are DENIED as moot, with leave to refile. Any amended complaint must be filed within thirty (30) days, i.e., by May 31, 2026. If no amended complaint is filed within that time, plaintiff risks dismissal of this action without further notice.

IT IS SO ORDERED.

DATED this 1st day of May, 2026.

Adrienne Nelson
United States District Judge

6