IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RYAN BONNEAU,<br><br>             Plaintiff,<br><br>      v.<br><br>GIGI KNOCKERS; STATE OF OREGON;<br>DEPARTMENT OF MOTOR VEHICLES; and 1<br>TO 123 UNKNOWN EMPLOYEES OF THE<br>STATE OF OREGON,<br><br>             Defendants. | Case No.: 3:26-cv-00878-AN<br><br><br>OPINION AND ORDER |

Plaintiff Ryan Bonneau, who is self-represented and thus proceeding pro se,[1] filed this action on April 30, 2026, alleging claims for (1) violation of his right to due process under the Oregon and United States Constitutions pursuant to 42 U.S.C. § 1983 (the "Section 1983 claim"), (2) violation of the Americans with Disabilities Act ("ADA") (the "ADA claim"), (3) breach of contract, and (4) negligence. Verified Compl., ECF 1. In the initial verified complaint, plaintiff primarily alleges that defendants violated his civil rights by withholding his driver's license without notice or hearing. *Id.* at 2. In addition to the complaint, plaintiff filed an application to proceed without paying filing fees (i.e., in forma pauperis ("IFP")), ECF 2; a motion for temporary restraining order ("TRO") and preliminary injunction, ECF 3; and a motion for appointment of pro bono counsel, ECF 4.

On May 1, 2026, this Court granted plaintiff's IFP application and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Op. &

---

[1] Pleadings by self-represented litigants are "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Schoene v. Spirit Airlines, Inc.*, 726 F. Supp. 3d 1248, 1255 (D. Or. 2024) (quoting *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011)). Further, "[a] court must liberally construe the filings of a self-represented . . . plaintiff and afford the plaintiff the benefit of any reasonable doubt." *Id.* (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). Finally, "[u]nless it is absolutely clear that no amendment can cure the defect," self-represented litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

1

Order of May 1, 2026, ECF 5.  In its order, the Court explained the deficiencies of plaintiff's federal claims, including that plaintiff's Section 1983 claim is barred by the Eleventh Amendment and that plaintiff has not stated a claim for relief under the ADA.  *Id.* at 4-5.  The Court then declined to exercise supplemental jurisdiction over plaintiff's state law claims and dismissed the complaint.  *Id.* at 5.  More specifically, the Court dismissed plaintiff's Section 1983 claim with prejudice and otherwise dismissed the complaint without prejudice and with thirty days' leave to amend.  *Id.* at 6.  Upon dismissing the complaint, the Court declined to reach the merits of plaintiff's remaining motions, which the Court denied as moot with leave to refile should plaintiff successfully amend his complaint.  *Id.* at 5.

On June 24, 2026, plaintiff filed a motion for reconsideration, ECF 6; a second motion for appointment of counsel, ECF 7; and a notice of appeal to the Ninth Circuit, ECF 8.  On July 20, 2026, plaintiff filed a verified first amended complaint, ECF 9, and a second motion for TRO and preliminary injunction, ECF 10.

## DISCUSSION

Against the procedural backdrop just described, the posture of this case is not straightforward. Generally, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).  However, a notice of appeal does not divest the district court of jurisdiction if the appeal is made from a non-appealable order.  *E.g. Est. of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993).  Here, the subject order dismissed plaintiff's complaint for failure to state a claim, in part with prejudice and in part without prejudice and with leave to amend.  The subject order also dismissed as moot plaintiff's motions for appointment of pro bono counsel and for TRO and preliminary injunction, each with leave to renew should plaintiff successfully amend his complaint.  "[A]n order dismissing a complaint with leave to amend is not a final appealable order."  *Indian Oasis-Baboquivari Unified Sch. Dist. No. 40 v. Kirk*, 109 F.3d 634, 636 (9th Cir. 1997).  Similarly, "denials of temporary restraining orders are ordinarily not appealable," *OPM v. Am. Fed. of Gov't Emps.*, 473 U.S. 1301, 1303-04 (1985), nor are denials of motions for appointment of counsel under Section 1915, *Bistrika*

*v. Costco Wholesale Corp.*, 671 F. App'x 423, 423 (9th Cir. 2016).  Because plaintiff has appealed a non-appealable order, plaintiff's appeal did not divest this Court of jurisdiction to hear the pending motions. Having found jurisdiction, the Court turns to the substance of the issues pending before it.

As a preliminary matter, it is unclear under which complaint plaintiff wishes to proceed.  On one hand, plaintiff seeks reconsideration of the Court's prior order in an apparent effort to reinstate the initial complaint as the operative complaint.  On the other hand, plaintiff has since filed an amended complaint, which would ordinarily supersede the initial complaint (and thus likely render moot the motion for reconsideration).  In an abundance of caution, and affording plaintiff leniency as a pro se litigant, the Court considers plaintiff's filings as arguments in the alternative.  Ultimately, both fail.

## A.     Reconsideration

To begin, plaintiff's motion for reconsideration is appropriately denied.[2]  Reconsideration of an order is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and quotation marks omitted).  A court should reconsider its earlier decision if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "Reconsideration motions may not be used to raise new arguments or introduce new evidence if, with reasonable diligence, the arguments and evidence could have been presented during consideration of the original ruling."  *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 859 (9th Cir. 2022).  Plaintiff does not offer newly discovered evidence, does not show that the Court committed clear error or that the Court's prior order was manifestly unjust, and has not pointed to any intervening change in controlling

---

[2] The Court construes plaintiff's motion as one brought under Federal Rule of Civil Procedure 54(b), which permits courts to revise any order or other decision that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  In analyzing a Rule 54(b) motion, "district courts in the Ninth Circuit have applied standards of review substantially similar to those used under Rule 59(e) and 60(b)."  *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006).  This Court does the same here.

law.[3]  Accordingly, plaintiff's motion for reconsideration is denied.

**B.     Section 1915**

Having denied reconsideration, the Court turns to its review of the verified first amended complaint. Like the initial complaint, plaintiff's amended complaint must be dismissed for failure to state a claim pursuant to Section 1915.  In the amended complaint, plaintiff purports to assert claims for violations of his procedural and substantive due process rights and right to equal protection under the Fourteenth Amendment, violation of the Health Insurance Portability and Accountability Act ("HIPAA"), unconstitutional policies, negligence, breach of contract, retaliation, fraud, intentional and negligence infliction of emotional distress, and bodily injury.  Verified 1st Am. Compl., ECF 9, at 12-16.[4]  From these claims, plaintiff seeks declaratory and prospective relief; compensatory damages in the amount of $123,000,000; punitive damages in the amount of $369,000,000; and attorney fees and costs.  *Id.* at 17. Plaintiff also asks that the Court certify a class action lawsuit, appoint plaintiff counsel, and assign a special master to this case.  *Id.* at 18.

Although the amended complaint does not reference Section 1983, plaintiff's constitutional claims are appropriately analyzed as Section 1983 claims.  *See, e.g.*, *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) ("Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." (quoting 42 U.S.C. § 1983)), *abrogated on other grounds by Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002).  While Section 1983 permits suit against state employees in their individual capacities for damages, *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992), and the Eleventh Amendment "does not preclude a suit against state officers [in their official

---

[3] Plaintiff's motion for reconsideration largely argues that the Court erred in its application of the Eleventh Amendment to plaintiff's claims by ignoring the impact of *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).  This argument is misplaced: "[T]he Supreme Court has expressly declined to extend *Monell*'s theory of municipal liability under § 1983 to state entities."  *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Ed.*, 616 F.3d 963, 968 (9th Cir. 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)).

[4] Throughout this Order, the Court cites to CM/ECF pages numbers stamped at the top of each page of the cited document.

capacities] for prospective relief from an ongoing violation of federal law," *Children's Hosp. & Health Ctr. v. Belshe*, 188 F.3d 1090, 1095 (9th Cir. 1999), plaintiff's claims do not pass muster under Section 1915. Plaintiff's "allegations . . . are far too vague and conclusory to find that [the d]efendants acted unlawfully." *Murray v. U.S. Dep't of Justice*, No. 6:25-cv-924-MC, 2025 WL 1993624, at *4 (D. Or. July 17, 2025) (collecting cases).

Plaintiff's HIPAA claim, which is newly raised in the amended complaint, also fails. The Ninth Circuit has made clear that "'[u]nder HIPAA, individuals do not have a right to court action.'" *Webb v. Smart Doc. Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007) (quoting 65 Fed. Reg. 82601 (Dec. 28, 2000)); *see also United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009). Plaintiff's HIPAA claim is appropriately dismissed.

### C.    Supplemental Jurisdiction

Finding that dismissal of plaintiff's federal claims is appropriate, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See Arroyo v. Rosas*, 19 F.4th 1202, 1209-10 (9th Cir. 2021). Accordingly, the remaining state law claims are dismissed without prejudice.

### D.    Remaining Motions

#### 1.    *Second Motion for TRO and Preliminary Injunction*

Having dismissed all claims in the amended complaint, the Court does not reach the merits of plaintiff's renewed motion for TRO and preliminary injunction. As such, plaintiff's renewed motion for TRO and preliminary injunction is denied as moot. The Court does, however, reach the merits of plaintiff's motion for appointment of pro bono counsel, as described next.

#### 2.    *Second Motion for Pro Bono Counsel*

Plaintiff seeks pro bono counsel to "help craft the claims to meet the criteria specified by the court" and to aid in certifying this case as a class action. Pl. Mot. for Recons. 3; Verified 1st Am. Compl. 18; *see generally* Pl. 2d Mot. for Appt. of Counsel. There is generally "no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, the Court "may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citation and quotation

marks omitted). To determine whether exceptional circumstances exist, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983)).

There are no extraordinary circumstances warranting appointment of pro bono counsel in this case. For the reasons explained in the Court's prior order and in this Order, plaintiff's likelihood of success on the merits is exceptionally low. This weighs strongly against appointing pro bono counsel. For this reason, the Court declines to appoint pro bono counsel.

## E.      Leave to Amend

Upon consideration of the record in its totality, it is clear that amendment would be futile. Plaintiff has failed to successfully amend once already, and plaintiff's new filings raise serious questions about the frivolousness of this action. Indeed, some of the allegations "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). The Court is cognizant of plaintiff's self-represented status and of the difficulties self-represented litigants face. Nonetheless, the Court finds that dismissal of this action and revocation of plaintiff's IFP status is appropriate. *See Moret v. Oregon*, 6:25-cv-01788-MC, 2025 WL 3697203, at *1 (D. Or. Nov. 10, 2025).

//

//

//

//

//

//

//

//

//

//

6

**CONCLUSION**

For the reasons stated herein, plaintiff's motion for reconsideration, ECF 6, and second motion for appointment of pro bono counsel, ECF 7, are DENIED; plaintiff's verified amended complaint, ECF 9, is DISMISSED without prejudice and without leave to amend.  Plaintiff's second motion for TRO and preliminary injunction, ECF 10, is DENIED as moot.  Judgment will follow.

IT IS SO ORDERED.

DATED this 29th day of July, 2026.

Adrienne Nelson
United States District Judge